## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMANDA ZICHERMAN, ) | |
| ) | |
| *Plaintiff*, ) | C.A. No. 24-cv-00162-RGA |
| ) | |
| v. ) | DEMAND FOR JURY TRIAL |
| ) | |
| UNIVERSITY OF DELAWARE, *et al.* ) | |
| ) | |
| *Defendants*. ) | |

**STIPULATION AND PROTECTIVE ORDER GOVERNING THE
PRODUCTION AND EXCHANGE OF CONFIDENTIAL MATERIAL**

WHEREAS, the parties (the "Parties," each a "Party") to the above-captioned consolidated action (the "Action") are engaged in discovery proceedings, which include, among other things, taking depositions, responding to interrogatories, and producing documents; and

WHEREAS, discovery proceedings necessarily involve the production of certain information that the parties believe to be confidential and sensitive personnel, educational, personally identifiable, health, commercial, financial, or business information;

WHEREAS, the University of Delaware, the State of Delaware, and the Federal Government have an interest in preserving the confidentiality of records and other information protected by the Family Educational Rights and Privacy Act ("FERPA") and the Health Insurance Portability and Accountability Act ("HIPAA");

WHEREAS, good cause exists for entry of the Stipulation and Order Governing the Production and Exchange of Confidential Material (the "Stipulation and Order"); and

WHEREAS, the entry of this Stipulation and Order will promote the fair and expeditious resolution of this Action.

IT IS HEREBY STIPULATED AND AGREED, by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, pursuant to Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure that this Stipulation and Order will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, and responses to requests for documents, and any other information or material produced, given or exchanged, including any information contained therein or derived therefrom ("Discovery Material") by or among any Party or third-party providing Discovery Material in this Action.

1. Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulation and Order if such party in good faith believes that such Discovery Material contains non-public, confidential, proprietary or commercially sensitive information, or information that is potentially invasive of an individual's privacy interests that requires the protection provided in this Stipulation and Order ("Confidential Discovery Material"). The designation by any Producing Party of any Discovery Material as Confidential shall constitute a representation that such Discovery Material has been reviewed by an attorney for the designating party and that there is a good faith belief for such designation. For purposes of this Stipulation and Order, information considered to be Confidential Discovery Material includes all non-public materials containing sensitive personnel, educational, personally identifiable, health, commercial, financial and/or business information that a Producing Party reasonably believes should be treated as confidential.

2. Discovery Material, or information derived therefrom, shall be used solely for purposes of the Action and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or any other litigation except as set forth in Paragraph 18 herein. Confidential Discovery Material shall not be disclosed except as expressly permitted by

the terms of this Stipulation and Order. Nothing in this paragraph or this Stipulation and Order shall prohibit a party from using Discovery Material or information derived therefrom in compliance with statutory or regulatory obligations.

3. The designation of Discovery Material as "Confidential" for purposes of this Stipulation and Order shall be made in the following manner by any Producing Party:

(a) In the case of documents or other materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" to each page containing any Confidential Discovery Material and, in the event that any electronic production includes native files, by including the designation "Confidential" in the file name. The failure to designate a document as "Confidential" does not constitute a waiver of a claim of confidentiality; and

(b) In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice designating the portions of the transcript that qualify as Confidential by page and line number, sent by counsel to all parties within ten (10) business days after receiving a copy of the transcript thereof and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material. Only those portions of the transcripts designated as "Confidential" in the Action shall be deemed Confidential Discovery Material. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court. The entire transcript of any deposition shall be given the protections afforded Confidential Discovery Material under this Stipulation and Order for a period of ten (10) business days after a complete copy of the transcript has been provided to

the deponent or his or her counsel to give the parties and third parties an opportunity to designate information contained in that transcript as Confidential.

        4.        Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

        (a)        Counsel who represent parties that have appeared in this Action, regular and temporary employees and service vendors of such Counsel (including outside copy services and outside litigation support services) assisting in the conduct of the Action for use in accordance with this Stipulation and Order, in-house counsel for the parties, and regular and temporary in-house legal staff of the parties, including paralegals.

        (b)        Experts or consultants, whether expected to testify or not, assisting Counsel for parties to this Confidentiality Agreement, pursuant to Paragraph 5 below;

        (c)        Any person indicated on the face of a document to have been the author, addressee, or a copy recipient of the document;

        (d)        The directors, officers, or employees of the Producing Party;

        (e)        Witnesses or deponents (other than witnesses or deponents covered by (f) below), and their counsel, during the course of and, to the extent necessary, in preparation for depositions or testimony in this Action, pursuant to Paragraph 5 below;

        (f)        The parties and the directors, officers, employees, insurers, or agents of the parties, or of any parent, subsidiary or affiliate thereof, who are assisting the parties in this Action, or who appear as witnesses or deponents, pursuant to Paragraph 5 below;

        (g)        The Court, pursuant to Paragraph 8 below;

(h) Court reporters employed in connection with this Action; and

(i) Any other person only upon order of the Court or upon stipulation of the Producing Party.

5. Confidential Discovery Material may be provided to persons listed in Paragraphs 4(b), 4(e) and 4(f) above to the extent necessary for such person to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of this Action, provided that such person is using said Confidential Discovery Material solely in connection with this Action; and further provided that such person signs an undertaking in the form attached as "**Exhibit A**" hereto, agreeing in writing to be bound by the terms and conditions of this Stipulation and Order, consenting to the jurisdiction of the Court for purposes of the enforcement of this Stipulation and Order and agreeing not to disclose or use any Confidential Discovery Material in a manner or for purposes other than those permitted hereunder.

6. Counsel for the party showing Confidential Discovery Material to any person required to execute an undertaking pursuant to Paragraph 5 shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

7. During any deposition, when counsel for a party or witness deems that the answer to a question will result in the disclosure of Confidential Discovery Material, counsel shall have the option to request that all persons other than the reporter, counsel, and individuals specified in Paragraph 4 who have access to Confidential Discovery Material leave the deposition room during the confidential portion of the deposition.

8. All documents of any nature, including briefs, that have been designated as "Confidential" and that are filed with the Court shall be filed under seal in accordance with the provisions of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of

Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local Rules"). All such documents so filed shall be released from confidential treatment only upon further order of the Court.

9. The parties filing any brief, memorandum, motion, letter, or other document (a "Filing") under seal with the Court because the Filing would disclose information from a document that is otherwise required to be filed under seal pursuant to the provisions of this Stipulation and Order shall comply with the Federal and Local Rules.

10. Entering into, agreeing to, or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not:

(a) Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party in the context of any other litigation or proceeding that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

(b) Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulation and Order;

(c) Prejudice in any way the rights of a party to seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to any of the particular the terms of this Stipulation and Order;

(d) Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

(e)     Prevent the parties to this Stipulation and Order from agreeing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material.

11.    This Stipulation and Order has no effect upon, and shall not apply to, a party's use of its own Confidential Discovery Material for any purpose.

12.    Nothing herein shall: (i) prevent a party from disclosing its own Confidential Discovery Material or other information to officers, managers, members, or employees of the Producing Party; or (ii) impose any restrictions on the use or disclosure by a party of documents, materials or information designated as Confidential that have been obtained lawfully by such party independently of the discovery proceedings in this Action and that are not otherwise subject to confidentiality restrictions.

13.    In the event additional parties join or are joined in this Action, they shall not have access to Confidential Discovery Material until the newly joined party, by its counsel, has executed and filed with the Court its agreement to be fully bound by this Stipulation and Order.

14.    The parties agree to be bound by the terms of this Stipulation and Order pending the entry of this Stipulation and Order, or an alternative thereto that is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Order had been entered by the Court.

15.    The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Action, including without limitation any appeals therefrom or the expiration of the period for filing appeals. Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of all litigation in which Confidential Discovery Material is

permitted to be used, including the exhaustion of all possible appeals, all parties hereto that have received Confidential Discovery Material shall either return such material and all copies thereof (including summaries and excerpts and including all such material provided by such party to any other persons, whether or not in accordance herewith) to counsel for the party that produced it or destroy or cause to be destroyed all such Confidential Discovery Material and certify that fact. Outside counsel for the parties shall be entitled to retain court papers, deposition and court transcripts and attorney work product (including Discovery Material containing Confidential Discovery Material), provided that such outside counsel, and employees of such outside counsel, shall not disclose such court papers, deposition or trial transcripts or attorney work product to any person except pursuant to court order or agreement with the party that produced the Confidential Discovery Material.

16.   During the pendency of this Action, any party objecting to the designation of any Discovery Material as Confidential Discovery Material shall first raise its objection with counsel for the Producing Party that made such designation and attempt to resolve the dispute.  If the parties' discussions do not result in a resolution of the dispute, the objecting party may move on reasonable notice for an order vacating the designation.  While such an application is pending, the Discovery Material in question shall be treated as Confidential Discovery Material in accordance with the designation made by the Producing Party.  The provisions of this paragraph are not intended to shift the burden of establishing confidentiality.

17.   If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to a Party is nevertheless inadvertently produced (the "Inadvertently Disclosed Information"), such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of

privilege, work product, or other ground for withholding production to which the Producing Party would otherwise be entitled. If a Producing Party determines that it inadvertently or mistakenly produced information subject to a claim of immunity or privilege, it must promptly provide the Receiving Party with written notice identifying the information or material. The Receiving Party shall, within seven (7) days of receipt of such notice, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed. Within fourteen (14) days of the Producing Party's request for return or destruction of the inadvertently or mistakenly produced information, the Producing Party shall provide a privilege log corresponding to the information or material identified in the written notice sufficient to enable the Receiving Party to assess the claim consistent with the standard for privilege logs under Rule 26(b)(5)(A)(ii) of the Federal Rules. The Receiving Party may move the Court for an Order compelling production of Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production, and shall not describe or disclose the contents of the Inadvertently Disclosed Information beyond the description or disclosure set forth on a privilege log. The Producing Party retains the burden of establishing the privileged or protected nature of the Inadvertently Disclosed Information.

18.  In the event that any Confidential Discovery Material is used in any court proceeding in this Action or any appeal therefrom, said Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use. At the appropriate time, counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings. In the event counsel cannot agree on such procedures, they will submit the question to the Court for resolution.

19. If any person receiving documents covered by this Stipulation and Order (the "Receiver") is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Discovery Material that was produced or designated as "Confidential" by someone other than the Receiver, the Receiver shall: (i) give prompt written notice by hand or facsimile transmission of receipt of such subpoena or document demand to those who produced or designated the material "Confidential," in no case less than ten (10) business days in advance of the production of the Confidential Discovery Material pursuant to the subpoena or document demand; and (ii) refrain from producing any Discovery Material that has been designated "Confidential" in response to such a subpoena or document demand until the earlier of (1) receipt of written notice from the Producing Party that such party does not object to production of the designated Discovery Material; or (2) resolution of any objection asserted by the Producing Party either by agreement or by final order of the court with jurisdiction over the objection of the Producing Party. The burden of opposing the enforcement of the subpoena shall fall solely upon the party who produced or designated the Confidential Discovery Material. Unless the party who produced or designated the Confidential Discovery Material submits a timely objection seeking an order that the subpoena not be complied with, and serves such objection upon the Receiver by hand delivery prior to production pursuant to the subpoena, the Receiver shall be permitted to produce documents responsive to the subpoena on the subpoena response date. Compliance by the Receiver with any order directing production pursuant to the subpoena of any Confidential Discovery Material shall not constitute a violation of this Stipulation and Order. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation and Order to challenge or appeal any order directing production of Confidential Discovery Material covered by this Stipulation and Order, or to subject themselves or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

20. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "Confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

Nothing in this Stipulation and Order shall preclude any party from seeking judicial relief, upon notice to the other parties, with regard to any provision hereof. The court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

| | |
|---|---|
| **McANDREWS, MEHALICK, CONNOLLY, HULSE AND RYAN, P.C.** | **SAUL EWING LLP** |
| */s/ Caitlin E. McAndrews* | */s/ James D. Taylor, Jr.* |
| Caitlin E. McAndrews (#6179) | James D. Taylor, Jr. (#4009) |
| 900 Foulk Road, Suite 201 | Marisa R. De Feo (#6778) |
| Wilmington, DE 19803 | Juliana G. Clifton (#6980) |
| (302) 380-4975 | 1201 N. Market Street, Suite 2300 |
| cmcandrews@mcandrewslaw.com | Wilmington, DE 19801 |
| | (302) 421-6800 |
| Michael A. Cancelliere, Jr., Esq. | james.taylor@saul.com |
| **NASS CANCELLIERE** | marisa.defeo@saul.com |
| 1500 JFK Blvd., Suite 404 | juliana.clifton@saul.com |
| Philadelphia, PA 19102 | |
| (215) 546-8200 | *Counsel for Defendants* |
| macancellier@nasscancelliere.com | |
| *Counsel for Plaintiff* | |

Dated: February 28, 2025

SO ORDERED this   28th   day of    February    , 2025.

                                                /s/ Richard G. Andrews
                                            UNITED STATES DISTRICT JUDGE

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMANDA ZICHERMAN, ) | |
| ) | |
| *Plaintiff*, ) | C.A. No. 24-cv-00162-RGA |
| v. ) | |
| ) | DEMAND FOR JURY TRIAL |
| UNIVERSITY OF DELAWARE, *et al.* ) | |
| ) | |
| *Defendants*. ) | |

## ACKNOWLEDGMENT AND CONSENT

I hereby certify: (i) my understanding that Discovery Material and/or Confidential Discovery Material are being provided to me pursuant to the terms and restrictions of the Stipulation and Order Governing the Production and Exchange of Confidential Material (the "Order") entered by the United States District Court for the District of Delaware; and (ii) that I have read the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the United States District Court for the District of Delaware for purposes of enforcement of the Order. I understand that any violation of the terms of this Stipulation and Order shall be punishable by relief deemed appropriate by the Court.

Dated:_____   Signature:_____

Dated: _____      _____
                                                                                               Name